```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
YAN C MARINE - ABREU,                                       :
                                                            :
                              Plaintiff,                    :
                                                            :     24-CV-2526 (VSB)
              -against-                                     :
                                                            :          ORDER
                                                            :
ZBIGNIEW PAUPEROWICZ, COWAN                                 :
INTERMODAL GROUP LLC, and COWAN                             :
SYSTEMS LLC,                                                :
                                                            :
                              Defendants.                   :
------------------------------------------------------------X
```

<u>VERNON S. BRODERICK</u>, United States District Judge:

On September 11, 2023, Plaintiff Yan C. Marine-Abreu filed this personal-injury action against Defendants Zbigniew Pauperowicz, Cowan Intermodal Group LLC, and Cowan Systems LLC in Supreme Court of the State of New York County of Bronx. (Doc. 1 ("Notice of Removal"), Ex. 1 at 3–11 ("Complaint").) On or about April 3, 2024, Defendants filed a Notice of Removal, asserting that I have diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332. (Notice of Removal ¶ 7.) Defendants assert that "[t]here is complete diversity of citizenship between the plaintiff and the defendants," because (1) "the plaintiff YAN C. MARINE-ABREU is now, and was at the time said action was commenced, a resident of the State of New Jersey"; (2) "petitioners COWAN INTERMODAL GROUP, LLC and COWAN SYSTEMS, LLC were at the time of the accident and remain limited liability companies filed in the State of Maryland with principal places of businesses in the State of Maryland"; and (3) "petitioner ZBIGNIEW PAUPEROWICZ is now, and was at the time said action was commenced, a resident of the State of Pennsylvania." (*Id.* ¶¶ 3, 7.) Because the Notice of Removal fails to sufficiently allege Plaintiff's citizenship as well as the citizenship of the

members of Defendants Cowan Intermodal Group LLC and Cowan Systems LLC, Defendants' asserted basis for removal is defective. However, I grant Defendants leave to amend their Notice of Removal to cure these defects.

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). District courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). The party seeking removal bears the burden of establishing the basis for subject-matter jurisdiction. *See Gilman v. BHC Secs., Inc.*, 104 F.3d 1418, 1421 (2d Cir. 1997). A district court may remand a case to state court "sua sponte at any time upon finding that it lacks subject matter jurisdiction." *Beal Stream Venture, LLC v. Leading Builders Grp. LLC*, No. 23-CV-5641, 2023 WL 7648723, at *2 (S.D.N.Y. Nov. 15, 2023).

Here, the Notice of Removal asserts that Plaintiff is a resident of New Jersey. (*See* Notice of Removal ¶ 3 ("YAN C. MARINE-ABREU is now, and was at the time said action was commenced, a resident of the State of New Jersey.").) The Complaint includes virtually identical language. (*See* Complaint ¶ 1 ("YAN C. MARINE-ABREU, was, and still is, a resident of the State of New Jersey.").) These assertions, however, do not establish Plaintiff's citizenship in New Jersey. An individual's citizenship for purposes of diversity jurisdiction depends on his domicile, *see Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont*, 371 F. App'x 135, 137 (2d Cir. 2010), which is the "place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning," *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks omitted). "Domicile is not necessarily synonymous with residence, and one can reside in one place but be domiciled in

2

another." *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (internal quotation marks and citation omitted). For that reason, "allegations of residency alone cannot establish citizenship." *Canedy v. Liberty Mut. Ins.*, 126 F.3d 100, 103 (2d Cir. 1997); *see Jacobs v. Patent Enforcement Fund, Inc.*, 230 F.3d 565, 567 (2d Cir. 2000) (holding that the plaintiffs "failed adequately to allege diversity in their original complaint" because "they had alleged only the residence, and not the citizenship (or domicile), of the parties"). Because Defendants have failed to properly assert the citizenship of Plaintiff, I lack subject-matter jurisdiction under Section 1332.[1]

Defendants have also failed to properly allege the citizenship of Cowan Intermodal Group LLC and Cowan Systems LLC (together, the "LLCs"). Although Defendants allege that the LLCs are "limited liability companies filed in the State of Maryland with principal places of businesses in the State of Maryland," (Notice of Removal ¶ 3; *see also* Complaint ¶¶ 4, 16), the citizenship of an LLC "is [not] determined [] by the LLC's place of incorporation or principal place of business." *Agility Logistics Corp. v. Elegant USA, LLC*, No. 09-CV-4719, 2009 WL 3094898, at *1 (S.D.N.Y. Sept. 25, 2009) (internal quotation marks and alterations omitted). For diversity purposes, an LLC is a citizen of every state of which its members are citizens. *See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000). To invoke diversity jurisdiction, the removing party must therefore establish "the citizenship of each member of the limited liability company." *Hai Yang Liu v. 88 Harborview Realty, LLC*, 5 F. Supp. 3d 443, 447 (S.D.N.Y. 2014). Defendants, however, have failed to allege that information.

---

[1] For these same reasons, Defendants have likewise failed to properly assert the citizenship of Defendant Zbigniew Pauperowicz. (*See* Notice of Removal ¶ 3 ("ZBIGNIEW PAUPEROWICZ is now, and was at the time said action was commenced, a resident of the State of Pennsylvania."); Complaint ¶ 3 ("ZBIGNIEW PAUPEROWICZ, was, and still is, a resident of the State of Pennsylvania.").)

Although Defendants assert a basis for diversity jurisdiction, the basis asserted is legally insufficient. Because the defects in the Notice of Removal are not fundamental, but instead involve only imperfect statements of citizenship, I grant Defendants leave to amend their Notice of Removal. *See Fulfree v. Manchester*, 182 F.3d 899 (2d Cir. 1999) (affirming district court's ruling granting the defendant leave to amend the notice of removal to add specificity as to defendant's citizenship); *see also Linium, LLC v. Bernhoit*, No. 17-CV-200, 2017 WL 2599944, at *3 (N.D.N.Y. June 15, 2017) ("'When diversity is not absent from a notice of removal but is defectively alleged,' courts typically permit the removing party to amend its notice of removal." (quoting *Grow Grp., Inc. v. Jandernoa*, No. 94-CV-5679, 1995 WL 60025, at *2 (S.D.N.Y. Feb. 10, 1995))); *Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont*, 371 F. App'x 135, 137 (2d Cir. 2010) ("For purposes of diversity jurisdiction, a party's citizenship depends on his domicile." (internal quotation marks omitted)); *Beter v. Baughman*, No. 24-CV-79, 2024 WL 1333570, at *4 (S.D.N.Y. Mar. 13, 2024) ("[I]ncluding allegations in the petition for removal of the parties' 'residency' as opposed to their 'citizenship' is merely a technical defect that could be cured, even with an untimely amendment.").

Accordingly, Defendants are hereby

ORDERED to file an amended Notice of Removal within fourteen (14) days of the filing of this Order curing the defects described herein. If Defendants do not do so by this deadline, the Court will remand this case to the Supreme Court of the State of New York without further order. SO ORDERED.

Dated:  September 10, 2024
      New York, New York

                                             Vernon S. Broderick
                                             United States District Judge