UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

YAN C MARINE-ABREU,

                       Plaintiff,

            -against-

ZBIGNIEW PAUPEROWICZ,
COWAN INTERMODAL GROUP,
LLC, and COWAN SYSTEMS, LLC,

                       Defendants.
-----------------------------------------------------------------------X

**24 Civ. 2526 (VSB) (GS)**

**OPINION & ORDER**

**GARY STEIN, United States Magistrate Judge:**

Plaintiff Yan C. Marine-Abreu ("Plaintiff" or "Marine-Abreu") brings this personal injury action against Defendants Zbigniew Pauperowicz, Cowan Intermodal Group, LLC, and Cowan Systems, LLC (collectively "Defendants"). Marine-Abreu asserts claims arising out of a motor vehicle accident, in which Marine-Abreu was the driver of one of the vehicles. (Dkt. No. 1). A related personal injury action pending in this Court (No. 24 Civ. 2688) was brought by two passengers of the vehicle driven by Marine-Abreu.

Plaintiff filed his initial complaint in New York state court on September 11, 2023, which Defendants removed to this Court. More than two years later, Defendants' recently substituted counsel has filed a motion to disqualify Marine-Abreu's counsel, the Tadchiev Law Firm (the "Tadchiev Firm"), in this case, on the ground that the Tadchiev Firm has represented medical providers for the two

passengers in collecting no-fault fees arising from the same accident.  For the reasons set forth below, Defendants' motion is **DENIED**.

## BACKGROUND

### A.    Procedural History

This action (the "Action") arises from a motor vehicle accident that took place on February 13, 2023 on the Cross Bronx Expressway.  (Dkt. No. 1-1 ¶¶ 43–44; Dkt. No. 13 at 1). Marine-Abreu alleges that the motor vehicle he was driving was side-swiped by a tractor truck being driven by Defendant Pauperowicz, an employee of Defendant Cowan Systems, LLC.  (Dkt. No. 1-1 ¶¶ 38, 43–45; Dkt. No. 13 at 1). Plaintiff alleges that due to Defendants' negligence, he suffered severe injuries to his neck, back, left shoulder, and right knee, for which he seeks damages.  (Dkt. No. 1-1 ¶ 46; Dkt. No. 13 at 1).

Defendants first filed their answer denying Plaintiff's allegations and asserting affirmative defenses in state court on October 31, 2023.  (Dkt. No. 1-2). Defendants removed the action to this Court on April 3, 2024 after service of Plaintiff's ad damnum claiming $20 million in damages.  (Dkt. No. 1 ¶ 5; Dkt. No. 1-4).  The action was assigned to the Honorable Vernon S. Broderick.  (Dkt. Entry dated April 4, 2024).[1]

In the meantime, another action (the "Related Action") was filed in New York state court by Jose E. Marine Bonifacio ("Bonifacio") and Nelsy M. Abreu De Marine

---

[1] After Judge Broderick ordered Defendants to file an amended Notice of Removal curing identified deficiencies (Dkt. Nos. 6, 7), Defendants did so on October 17, 2024.  (Dkt. 8).

("De Marine"), the passengers in the vehicle driven by Marine-Abreu.  That action was also removed to this Court, on April 9, 2024, and was assigned to Judge Broderick as a related case.  *Marine Bonifacio v. Cowan Systems, LLC*, No. 24 Civ. 2688 (VSB) (GS) (S.D.N.Y.), Dkt. Nos. 1, 4.  The plaintiffs in the Related Action (Bonifacio and De Marine) are Marine-Abreu's parents.  (Dkt. No. 36 at 2–3).  They have named as defendants the same three Defendants named here, as well as Marine-Abreu.  (No. 24 Civ. 2688, Dkt. No. 1-1).

Defendants' counsel at that point, in both this Acton and the Related Action, was Lewis Brisbois Bisgaard & Smith LLP ("Lewis Brisbois").  (Dkt. No. 1 at 4; Dkt. No. 1-2 at 7; No. 24 Civ. 2688, Dkt. No. 1 at 4; Dkt. No. 1-2 at 9).  On January 17, 2025, attorney Michael Bowe of Brown Rudnick LLP entered a notice of appearance in both actions as additional counsel for Defendants.  (Dkt. No. 16; No. 24 Civ. 2688, Dkt. No. 21).[2]  Plaintiffs in the Related Action, however, are not represented by the Tadchiev Firm; they are represented by different counsel.  (No. 24 Civ. 2688, Dkt. No. 12).  Nor does the Tadchiev Firm represent Marine-Abreu as a defendant in the Related Action; he is represented in that case by counsel for his insurance carrier. (No. 24 Civ. 2688, Dkt. Nos. 20, 46, 52).

On November 8, 2024, Judge Broderick issued a Case Management Plan and Scheduling Order ("Scheduling Order") in this matter.  (Dkt. No. 14).  Under the Scheduling Order, fact discovery was to be completed by March 14, 2025 and expert discovery was to be completed by June 16, 2025.  (*Id.* at 1–2).  Judge Broderick

---

[2] At some point Bowe left Brown Rudnick to become a founding partner of Brithem LLP.

3

issued a parallel scheduling order in the Related Action with the same deadlines. (No. 24 Civ. 2688, Dkt. No. 16).  On May 7, 2025, the parties requested, and Judge Broderick granted, an extension of the parties' discovery deadlines in both actions, to July 30, 2025 and October 30, 2025 for fact and expert discovery, respectively. (Dkt. No. 19).

On October 10, 2025, Louis T. Cornacchia III of London Fischer LLP ("London Fischer") filed notices of appearance on behalf of Defendants in both actions (Dkt. Nos. 21–23; No. 24 Civ. 2688, Dkt. Nos. 28–33), and on November 14, 2025, Defendants sought to substitute London Fischer as their counsel in lieu of Lewis Brisbois.  (Dkt. No. 26; No. 24 Civ. 2688, Dkt. No. 37).  This substitution of counsel request was approved by Judge Broderick on November 17, 2025.  (Dkt. No. 27; No. 24 Civ. 2688, Dkt. No. 38).[3]

On November 7, 2025, London Fischer submitted a letter, with the consent of Plaintiff's counsel, seeking another extension of the discovery deadlines in this Action and the Related Action.  (Dkt. No. 24; No. 24 Civ. 2688, Dkt. No. 34).  Judge Broderick granted that request on November 10, 2025, extending the fact discovery deadline to February 13, 2026 and the expert discovery deadline to March 13, 2026. (Dkt. No. 25; No. 24 Civ. 2688, Dkt. No. 35).  These deadlines have since been extended to June 12, 2026 and July 13, 2026, respectively.  (Dkt. No. 40; No. 24 Civ. 2688, Dkt. No. 53).

---

[3] The motion for substitution of counsel did not seek to replace Michael Bowe as counsel for Defendants, and he continues to appear on the docket as one of Defendants' attorneys.  However, Bowe has filed no motions, or signed any status letters or other filings, in this Action or the Related Action.

On January 5, 2026, as part of a status report filed in the Related Action, London Fischer first raised with the Court the possibility of a disqualifying conflict on the part of the Tadchiev Firm and sought leave to file a motion on the issue.  (*See* No. 24 Civ. 2688, Dkt. No. 45).  Plaintiff disputed the existence of any disqualifying conflict, and argued, *inter alia*, that Defendants lacked standing to raise this issue. (*Id.*).  Shortly thereafter, Judge Broderick assigned both this Action and the Related Action to the undersigned for general pretrial supervision.  (*See* No. 24 Civ. 2688 Docket Entries on January 8, 2026; Dkt. No. 31).  On January 30, 2026, the undersigned overruled Plaintiff's standing objection and granted Defendants leave to file the instant motion.  (Dkt. No. 32).

B.      **Defendants' Disqualification Motion**

On February 4, 2026, Defendants filed the instant motion seeking disqualification of the Tadchiev Firm in this Action.  (Dkt. No. 33 ("Def. Br.")). Defendants seek to disqualify the Tadchiev Firm based on prior work it performed relating to the plaintiffs in the Related Action, Bonifacio and De Marine.

Specifically, Defendants argue that the Tadchiev Firm has represented a number of medical providers in collecting "no fault" fees for services they rendered to Bonifacio and De Marine.  (Def. Br. at 1).  Attached to their letter motion are several letters, dated from April to August 2023, sent by the Tadchiev Firm to Geico, the insurance company, seeking payment for medical bills for services provided to Bonifacio and De Marine, along with assignment of claim forms executed by Bonifacio and De Marine.  (Dkt. No. 33-1 at 3–8).  Defendants also

attach a document from the American Arbitration Association indicating that the largest claim against Geico was settled by the Tadchiev Firm on behalf of the medical provider in October 2023. (*Id.* at 2).[4]

According to Defendants, it was improper for the Tadchiev Firm to represent medical providers for Bonifacio and De Marine and simultaneously represent Marine-Abreu, who is a defendant in the Related Action and has asserted as a defense in that action that Bonifacio and De Marine did not suffer serious injuries. (Def. Br. at 1–2). Defendants argue that the Tadchiev Firm's "joint representation of parties when two have asserted a claim against the other" is a disqualifying conflict of interest under New York Rules of Professional Conduct ("RPC") Rule 1.7. (*Id.* at 2). Further, Defendants argue that the Tadchiev Firm's conduct gives rise to an appearance of impropriety warranting disqualification. (*Id.*).

On February 13, 2026, Marine-Abreu (through the Tadchiev Firm) filed a letter in response. (Dkt. No. 36 ("Pl. Br.")). Marine-Abreu first argues that Defendants waived the alleged conflict by raising it for the first time after more than two years of litigation. (*Id.* at 1– 2). Marine-Abreu also argues that Defendants' motion fails on the merits for various reasons, including that the Tadchiev Firm "does not represent, nor ha[s] [it] ever represented, the passengers" themselves and that the affirmative defenses raised by Marine-Abreu in the Related Action were "not raised by [him]" but by "the real party in interest—[his] insurance

---

[4] That claim (for Physical Health Medical) was settled for a total of $1,400. (*Id.* at 2). The other collection claims range in amount from $127.41 to $6,4220.22. (*Id.* at 3–8).

company." (*Id.* at 2–3).[5]

## LEGAL STANDARDS

"'The question of whether to disqualify counsel is solely within the Court's discretion.'" *Hreish v. Pappas*, No. 24 Civ. 2284 (JHR) (BCM), 2025 WL 1653841, at *5 (S.D.N.Y. June 10, 2025) (quoting *Brooks v. Knowledge Eng'g Inc.*, No. 89 Civ. 4478 (SS), 1994 WL 121851, at *2 (S.D.N.Y. Apr. 7, 1994) (Sotomayor, J.)). "The authority of federal courts to disqualify attorneys derives from their inherent power to preserve the integrity of the adversary process." *Hempstead Video, Inc. v. Incorporated Vill. of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005) (citation omitted). "A motion to disqualify counsel is a non-dispositive matter within the scope of a magistrate judge's authority pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a)." *Hreish*, 2025 WL 1653841, at *5 n.8 (citing *Heard v. Statue Cruises LLC*, No. 16 Civ. 1079 (ALC) (BCM), 2020 WL 1285456, at *1 n.1 (S.D.N.Y. Mar. 18, 2020) (collecting cases)).

In exercising its discretion on a motion for disqualification, the court must "balance 'a client's right freely to choose his counsel' against 'the need to maintain the highest standards of the profession.'" *Hempstead Video*, 409 F.3d at 132 (quoting *Gov't of India v. Cook Indus., Inc.*, 569 F.2d 737, 739 (2d Cir. 1978)). Although disqualification decisions are often informed by the applicable rules of professional conduct, "such rules merely provide general guidance and not every

---

[5] Bonifacio and De Marine have not challenged the Tadchiev Firm's representation of Marine-Abreu. Further, the Tadchiev Firm represents that it has discussed the conflict issue with Marine-Abreu at length and that he has waived any alleged conflict. (Pl. Br. at 3).

violation of a disciplinary rule will necessarily lead to disqualification." *Id.* Disqualification is warranted only "in the rare circumstance where an attorney's conduct 'poses a significant risk of trial taint.'" *Decker v. Nagel Rice LLC*, 716 F. Supp. 2d 228, 231 (S.D.N.Y. 2010) (quoting *Glueck v. Jonathan Logan, Inc.*, 653 F.2d 746, 748 (2d Cir. 1981)).

Parties seeking disqualification "must meet a 'heavy burden of proof in order to prevail.'" *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 126 F. Supp. 3d 413, 419 (S.D.N.Y. 2015) (quoting *Gormin v. Hubregsen*, No. 08 Civ. 7674 (PGG), 2009 WL 508269, at *2 (S.D.N.Y. Feb. 27, 2009)). "'[M]ere speculation will not suffice.'" *Gormin*, 2009 WL 508269, at *2 (quoting *NL Indus., Inc. v. PaineWebber, Inc.*, No. 88 Civ. 8602 (MBM), 1990 WL 43929, at *1 (S.D.N.Y. Apr. 9, 1990)). "Motions to disqualify counsel are subject to strict scrutiny because of their potential to be used for tactical purposes." *Cohen v. Strouch*, No. 10 Civ. 7828 (DLC), 2011 WL 1143067, at *1 (S.D.N.Y. Mar. 24, 2011) (citing *Murray v. Metro. Life Ins. Co.*, 583 F.3d 173, 178 (2d Cir. 2009)). "'[E]ven when made in the best of faith, such motions inevitably cause delay' in the litigation." *Id.* (quoting *Bd. of Educ. v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979)). And "an unjustified delay in bringing a motion to disqualify provides a separate ground to deny the relief requested in the underlying motion." *KLG Gates LLP v. Brown*, 506 B.R. 177, 192 (E.D.N.Y. 2014) (quoting *In re WorldCom, Inc.*, 311 B.R. 151, 166–67 (Bankr. S.D.N.Y. 2004)).

## DISCUSSION

The Court need only rule on Marine-Abreu's first argument in opposition to

Defendant's disqualification motion—that Defendants waived their right to challenge the Tadchiev Firm's representation of him through their delay in bringing the motion—because it finds that argument to be dispositive.

As Plaintiff notes, this Action was commenced in September 2023, removed to this Court in April 2024, and actively litigated until November 2025 without any objection to the Tadchiev Firm's involvement. (Pl. Br. at 1). Only on November 19, 2025, over two years into the case and after substantial discovery, did Defendants, through their newly retained counsel at London Fischer, first raise this issue in an email to Plaintiff's counsel. (*Id.*). Although London Fischer was not retained until October 2025, Marine-Abreu argues that the claim is raised by Defendants, not their counsel, and that they are "bound by the decisions of their counsel, present and prior." (*Id.* at 1–2). Accordingly, Marine-Abreu urges the Court to find that Defendants themselves waived the issue. (*Id.*).

Defendants urge that Plaintiff's waiver argument is unfounded. Defendants argue that London Fischer learned of the claimed conflict only after it was hired and reviewed the case file and that, once London Fischer identified the conflict, it moved swiftly to bring this issue to opposing counsel's and then the Court's attention. (Def. Br. at 3). Thus, Defendants argue that because their *current* counsel did not delay in raising the issue, it should not be treated as waived. (*Id.*).

Defendants are incorrect. As Marine-Abreu correctly points out, Defendants cite no case law for the proposition that a change in counsel can effectively reset the clock for analyzing whether a party has timely raised a potentially disqualifying

conflict on the part of its adversary's counsel.  (Pl. Br at 1–2).  And although

Marine-Abreu also cites no case law for his contention that waiver in this context is

measured by the actions (or inaction) of the party itself (*id.*), the Court finds no

reason that it should not.

In other contexts, courts in this Circuit have long held that the decisions of

attorneys bind their clients, and that the substitution of counsel does not free a

party to make new claims or arguments that would otherwise have been waived if

counsel had not changed.  *See, e.g., Best Brands Consumer Prods., Inc. v. Versace*

*19.69 Abbigliamento Sportivo S.R.L.*, No. 17 Civ. 4593 (VSB) (SDA), 2020 WL

8678085, at *5 (S.D.N.Y. Oct. 1, 2020) (dismissing objections to personal jurisdiction

and venue because they had been waived by the "multiple counsel in this action

over the course of more than three years" who failed to raise the issues), *R&R*

*adopted*, 2023 WL 4348354 (S.D.N.Y. July 5, 2023), *aff'd,* No. 23-1115-CV, 2024 WL

2952151 (2d Cir. June 12, 2024); *Glynn v. Christy*, No. 14 Civ. 1924 (LTS) (RLE),

2016 WL 4126540, at *1–2 (S.D.N.Y. Aug. 2, 2016) (finding that defendant waived

right to move to compel arbitration after "new counsel" presented the argument for

the first time five years after dispute arose); *Berkley Assurance Co. v. John H.*

*Fisher, P.C.*, 771 F. Supp. 3d 292, 302 (S.D.N.Y. 2025) ("A different 'strategic

decision' by 'newly substituted [defense] counsel' simply 'is not a sufficient basis for

leave to amend where plaintiff is prejudiced by the amendment.'" (quoting *Zubulake*

*v. UBS Warburg LLC*, 231 F.R.D. 159, 162 (S.D.N.Y. 2005))); *Ansam Assocs., Inc. v.*

*Cola Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir. 1985) (affirming ruling denying

leave to amend complaint because replacing counsel "is simply an insufficient reason for prejudicing" a party). That reasoning applies equally with respect to disqualification motions.

As noted above, it is well settled that "'[a]n unjustified delay in bringing a motion to disqualify provides a separate ground to deny the relief requested in the underlying motion.'" *KLG Gates*, 506 B.R. at 192 (quoting *In re WorldCom, Inc.*, 311 B.R. 151, 166–67 (Bankr. S.D.N.Y. 2004); *see also, e.g.*, *Pastor v. Trans World Airlines, Inc.*, 951 F. Supp. 27, 32 (E.D.N.Y. 1996) ("[A] court may find an implied waiver if a party delays its disqualification motion unreasonably."); *Salomone v. Abramson*, 48 Misc. 3d 318, 5 N.Y.S.3d 838, 848 (Sup. Ct. N.Y. Cnty. 2015) ("A motion to disqualify should be denied where a delay in making the motion is 'inordinate and inadequately explained.'" (quoting *Lewis v. Unigard Mut. Ins. Co.*, 83 A.D.2d 919, 442 N.Y.S.2d 522, 523 (1st Dept. 1981))). Even a delay of as little as two or three months in bringing a motion to disqualify has been found to be unjustified. *See Secured Worldwide, LLC v. Kinner*, No. 15 Civ. 1761 (CM), 2015 WL 4111325, at *6 (S.D.N.Y. June 24, 2015) (three months); *In re Enron Corp.*, No. 02 Civ. 5638 (BSJ), 2003 WL 223455, at *4 n.2 (S.D.N.Y. Feb. 3, 2003) (two months).

In determining whether there has been an implied waiver, courts in this Circuit often consider "[w]hen the movant learned of the conflict; whether the movant was represented by counsel during the delay; why the delay occurred, and, in particular, whether the motion was delayed for tactical reasons; and whether disqualification would result in prejudice to the nonmoving party." *KLG Gates*, 506

11

B.R. at 192 (quoting *Hudak v. I.R.S.*, No. CIV.A. MJG-11-1271, 2012 WL 6726705, at *4 (D. Md. Dec. 26, 2012)); *see also In re Brooks*, No. 13 Bk. 70840 (LAS), 2014 WL 5711499, at *7 (Bankr. E.D.N.Y. Nov. 5, 2014). Courts look not only to the moving party's actual knowledge, but also to when it should have known of the alleged conflict. *See, e.g.*, *Szoke v. Carter*, 974 F. Supp. 360, 370 (S.D.N.Y. 1997) (finding twenty-two month delay in bringing motion to disqualify suspicious where party "should have been aware" of allegedly disabling conflict at time action was filed); *Softel, Inc. v. Dragon Med. & Sci. Comm'ns Ltd.*, No. 87 Civ. 167 (MGC), 1995 WL 75490, at *4 (S.D.N.Y. Feb. 23, 1995) (delay unjustified where "plaintiff should have been aware of this potential conflict since the beginning of the lawsuit"); *Ike & Sam's Grp., LLC v. Brach*, 138 A.D.3d 690, 29 N.Y.S.3d 53, 55 (2d Dep't 2016) ("If the party moving for disqualification knew *or should have known* of the facts underlying the alleged conflict of interest for a prolonged period before bringing the motion, that party may be found to have waived any objection to the other party's representation." (emphasis added)).

Defendants do not argue that they would meet this standard if the Court rejected their argument that their retention of new counsel reset the waiver clock. And indeed, these factors weigh comfortably in favor of a finding of implied waiver.

First, Defendants provide no insight as to when they learned of the circumstances underlying the alleged conflict. Their letter brief states that London Fischer discovered the issue upon "review of [the case] file, once transferred" from prior counsel. (Def. Br. at 3). Thus, the documents relating to the Tadchiev Firm's

representation of medical providers for the plaintiffs in the Related Action were in the hands of Defendants' prior counsel. While it is unclear when prior counsel came into possession of the documents, the documents are from 2023 and, in the absence of any proffer or evidence from Defendants to the contrary, the Court can only infer that Defendants knew or should have known of the alleged conflict well prior to London Fischer's entry into the case. Thus, it appears that Defendants delayed in raising this issue for many months if not years.[6]

Second, prior to London Fischer's substitution, Defendants were represented in this Action by counsel from Lewis Brisbois since at least October 2023. (*See* Dkt. No. 1-2 (Answer)). Lewis Brisbois is a large national law firm, fully capable of identifying, analyzing, and bringing to the Court's attention any conflict issues pertaining to Plaintiff's counsel's representation. Since January 2025, Defendants have also had the assistance of Michael Bowe, at the time a member of Brown Rudnick, another large law firm.

Third, Defendants provide no explanation or insight into why the delay in moving for disqualification occurred. Defendants' brief suggests that London Fischer was brought in because Defendants have now decided to litigate the case

---

[6] Defendants' silence in their February 4, 2026 letter motion as to when prior counsel came into possession of the relevant documents, and why Defendants did not raise the conflict issue previously, is particularly telling given that Plaintiff had complained about Defendants' delay in raising the issue in the January 5, 2026 status letter (*see* No. 24 Civ. 2688, Dkt. No. 45 at 2) and the Court, in its January 30, 2026 order, had also noted that "Defendants appear to be raising this issue for the first time after more than two years of litigation" and cited case law in this Circuit holding that "'a motion to disqualify should be made within a reasonable time of discovering a possible conflict of interest, or a waiver will be presumed.'" (Dkt. No. 32 (quoting *Levy v. Suissa*, No. 16 Civ. 2532 (EC) (ARL), 2020 WL 7296857, at *1 (E.D.N.Y. Dec. 11, 2020))).

more aggressively, having formed the belief that Marine-Abreu "intentionally caused this accident" and that Defendants are the victims of a "fraud." (Def. Br. at 2; *see also id.* at 3 (stating that London Fischer "was substituted as counsel in place of Lewis Brisbois because this action has the strong indicia of being an intentional accident that follows a pattern of staged accidents involving Cowan Systems, LLC vehicles")). While Defendants are certainly free to pursue any defense supported by the facts and the law, Defendants have not, to date, supplied any evidence of fraud, let alone any evidence indicating that the Tadchiev Firm's representation of the medical providers for the passengers was somehow part of any fraudulent scheme.[7] To the extent this motion to disqualify is part of a new, more aggressive defense strategy, that does not counsel in favor of excusing Defendants' delay.

Finally, the Court finds that disqualification would clearly prejudice Marine-Abreu at this stage of the litigation. The Tadchiev Firm has represented him in this case for more than two years, including throughout discovery, which is nearly complete. Among other things, the Tadchiev Firm has provided discovery on Marine-Abreu's behalf; reviewed discovery materials provided by Defendants; represented Marine-Abreu at his deposition and began taking Defendant Pauperowicz's deposition; participated in efforts to settle the case; and retained several medical experts on his behalf. (*See* Dkt. Nos. 24 at 1–2, 39 at 1–2). The prejudice to Marie-Abreu from having to retain new counsel at this late date is

---

[7] Although Defendants stated in their motion that they intended to "move under cover to assert the affirmative defense of fraud" (Def. Br. at 2), Defendants have not yet done so. (*See* Dkt. No. 39 at 3).

manifest.

Accordingly, based on a consideration of the relevant factors, the Court concludes that Defendants' failure to timely raise their objection to the Tadchiev Firm's continued representation of Marine-Abreu results in a waiver of their right to move for disqualification. *KLG Gates*, 506 B.R. at 191–92 (denying disqualification motion on waiver grounds alone where moving party waited years before raising alleged conflict and nonmoving party would have suffered prejudice; "the Court need not evaluate the existence of any [disqualifying relationship] because, in the Court's view, [defendant's] delay in bringing the disqualification motion amounted to a waiver of his right to contest this alleged conflict of interest").

That said, the Court is "under a continuing obligation to supervise the members of its Bar," *Dunton*, 729 F.2d at 909, and if it felt that the Tadchiev Firm's conduct was a clear violation of the Firm's ethical responsibilities and jeopardized the fairness of this proceeding or the appearance of justice, it would not rest on Defendants' waiver alone. But Defendants' conflict argument is not so compelling as to warrant such an approach. Although Defendants try to conflate the medical providers with the plaintiffs in the Related Action, the Tadchiev Firm has not, in fact, represented the plaintiffs in the Related Action. And, so far as the record shows, the Firm's representation of the medical providers has been limited to small-stakes collection matters that were last active two or three years ago. While I need not, and do not, make a ruling as to whether the Tadchiev Firm's simultaneous representation of the providers and Marine-Abreu was a violation of the applicable

15

ethical rules, or would be sufficient to warrant disqualification had a timely motion for disqualification been brought, there does not appear to be a "significant risk of trial taint," *Decker*, 716 F. Supp. 2d at 231, sufficient to deprive Marine-Abreu of his counsel of choice.

## CONCLUSION

For the foregoing reasons, Defendants' motion for disqualification of the Tadchiev Law Firm is **DENIED**.

**SO ORDERED.**

DATED:    New York, New York
          April 9, 2026

_____

The Honorable Gary Stein
United States Magistrate Judge

16